1  Michael Shipley (SBN 233674)
   michael.shipley@kirkland.com
2  Matthew Gamsin (SBN 307830)
   matthew.gamsin@kirkland.com
3  KIRKLAND & ELLIS LLP
   333 South Hope Street
4  Los Angeles, CA 90071
   Telephone: +1 213 680 8400
5  Facsimile: +1 213 680 8500

6  Peter Bibring (SBN 223981)
   pbibring@aclusocal.org
7  Adrienna Wong (SBN 282026)
   awong@aclusocal.org
8  ACLU FOUNDATION
   OF SOUTHERN CALIFORNIA
9  1313 West 8th Street
   Los Angeles, CA 90017
10 Telephone: +1 213 977 9500
   Facsimile: +1 213 977 5297

11
   Novella Coleman (SBN 281632)
12 ncoleman@aclunc.org
   Linda Lye (SBN 215584)
13 llye@aclunc.org
   ACLU FOUNDATION
14 OF NORTHERN CALIFORNIA
   39 Drumm Street
15 San Francisco, CA 94111
   Telephone: +1 415 621 2493
16 Facsimile: + 1 415 255 8437

17 *Attorneys for Plaintiff*
   *ROBERT MITCHELL*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>RONNIE JEFFRIES, in his individual capacity; JOHN BISHOP, in his individual capacity; FNU SHERMAN, in his individual capacity; and CITY OF BAKERSFIELD,<br><br>    Defendant. | Case No. 1:18-cv-00146-LJO-JLT<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br>(Doc. 24) |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The confidential or private information likely to be produced includes sensitive personal information such as an individual's Social Security number, taxpayer identification number, driver's license number, state-issued identification number, date of birth, health information identifiable by individual, such as medical records, and other personal information protected by disclosure by state and federal law. A protective order is needed to ensure the privacy rights of the parties as to such sensitive personal information in this litigation. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Counsel of Record (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium

or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

 2.6 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

 2.7 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

 2.8 Counsel of Record:  attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

 2.9 Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

 2.10 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

 2.11 Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

 2.12 Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

 2.13 Qualified Person:  a person to whom a Receiving Party may disclose information or items designated "CONFIDENTIAL," as defined in section 7.2 below.

 2.14 Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before a Party discloses or produces the material.  A Party shall have 14 days from the receipt of Disclosure or Discovery Materials from a Non-Party to inform the other Party of the portions of the Materials to be designated "CONFIDENTIAL."

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, whenever possible, all protected testimony. A Party may designate portions of

depositions or hearings as containing Confidential Information after transcriptions of the proceedings. A Party shall have 20 days after receipt of the deposition or hearing transcript to inform the other Party of the portions of the transcript to be designated "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only

if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting or preparing or presenting a defense in this litigation. Such Protected Material may be disclosed only to the categories of Qualified Persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the Qualified Persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to a Qualified Person as described below:

(a) the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

No disclosure of Confidential Information to a person other than a qualified person as described above shall be made except upon the prior express written consent of the party who has designated the item as Confidential Information or a court order permitting disclosure.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

  (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or any other information on the same or related subject matter. Additionally, the inadvertent or unintentional disclosure by the Producing Party of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor prejudice to, any claim that such or related material is Protected Information or protected by the attorney-client privilege, work product immunity, or any other applicable protection.

The parties have agreed upon a "clawback" process pursuant to Fed. R. Civ. P. 26(b)(5) and 26(f)(3)(D) and reserve their rights to assert privilege as follows. The Producing Party notifies the Receiving Party in writing within ten (10) business days after discovery of an inadvertent production or disclosure. Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or

discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document.

The Receiving Party may move the court for an order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure. If (but only if) such a motion to compel relies upon or otherwise discloses the contents of the inadvertently produced or disclosed document or information, the Receiving Party shall seek to file the motion under seal pursuant to Civil Local Rule 141, so long as the Producing Party provides the necessary written application and proposed order for filing under seal pursuant to Civil Local Rule 141. If the Producing Party does not provide the necessary written application and proposed order within five business days of receiving notice of the Receiving Party's intent to file a motion to compel relying upon or disclosing the contents of the inadvertently produced or disclosed document or information, the Receiving Party may file the Motion to Compel in the public record.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Civil Local Rule 141. If a Receiving Party wants to file Confidential Information, the Receiving Party shall give notice to the Designating Party not less than five (5) days prior to filing. Unless the Producing Party gives its written permission to remove the Confidentiality designation of such documents, which a Party may not unreasonably withhold, the Receiving Party shall file the Confidential Information under seal pursuant to the procedure set forth in Civil Local Rule 141 and the document or documents shall remain sealed while in the office of the clerk so long as it retains its status as Confidential. The Producing Party shall either give its written permission to remove the Confidentiality designation, or provide the necessary written application and proposed order for filing under seal pursuant to Civil Local Rule 141, within five (5) business days of receiving notice of intent to file from the Receiving Party.

Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon the showing required by applicable law. If the court denies a Party's request to file Protected Material under seal pursuant to Civil Local Rule 141, then the Party may file the information in the public record pursuant to Civil Local Rule 141(e) unless otherwise instructed by the court.

12.4  The parties agree that they shall be bound by this Stipulation upon signing by counsel and shall protect any and all Confidential Information as provided herein even if this Stipulation is not approved by the court. In the event that the court denies approval of this Stipulation as submitted, any party receiving Confidential Information shall within 30 days, at the election of the Receiving Party, either destroy or return all Confidential Information to the Producing Party as provided in Section 13 (FINAL DISPOSITION) herein and shall confirm in writing that the materials the Party returns or destroys constitute all the Confidential Information, including copies thereof, in that Party's possession, custody or control.

12.5  Any Party named, served and appearing in this action after the date this Order is entered shall be bound by its terms, effective once the Order has been served upon such Party, unless the Court orders otherwise on good cause shown. Any Party who causes another Party to be added to this action after the entry of this Order shall serve that new Party with a copy of this Order and any

subsequent amendments to it at the time it serves its pleading and summons.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____  _____
                                                  Matthew Gamsin
                                                  Attorneys for Plaintiff

DATED: _____  _____
                                                  Michael G. Marderosian
                                                  Heather S. Cohen
                                                  Attorneys for Defendant

IT IS SO ORDERED.

Dated: **October 9, 2018**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Mitchell v. Jeffries et al.*, Case No. 1:18-cv-00146-LJO-JLT. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____